AMERICAN TRIAL LAWYERS ASSN., NEW
JERSEY BRANCH, ET AL. *v.* NEW JERSEY
SUPREME COURT

No. 72–691.   Decided January 15, 1973

PER CURIAM.

On December 21, 1971, the Supreme Court of New
Jersey announced the adoption of Rule 1:21–7, effective
January 31, 1972, establishing a graduated schedule of
maximum contingent fees applicable to tort litigation
conducted by New Jersey attorneys.[1]   Appellants, rep-
resenting members of the New Jersey bar, brought this
action to enjoin the enforcement of the rules on the
grounds that they violate several provisions of the Con-
stitution, including the Due Process and Equal Protec-
tion Clauses of the Fourteenth Amendment.   The trial

---

[1] Rule 1:21–7 provides in part:

"(c) In any matter where. a client's claim for damages is based
upon the alleged tortious conduct of another, including products
liability claims, and the client is not a subrogee, an attorney shall
not contract for, charge, or collect a contingent fee in excess of the
following limits:

"(1) 50% on the first $1000 recovered;
"(2) 40% on the next $2000 recovered;
"(3) 33⅓% on the next $47,000 recovered;
"(4) 20% on the next $50,000 recovered;
"(5) 10% on any amount recovered over $100,000 . . . ."

judge convened a three-judge court. 28 U. S. C. § 2281.[2]

After hearing argument on the merits, the District Court pointed out that:

> "[E]ssentially the case poses a dispute between a state's highest court and those persons authorized by that court to practice law in the state. The relationship between the parties thus is an extremely delicate one. Under such circumstances federal courts generally have considered it appropriate, before attempting any direct federal intervention at the outset, first to permit the state courts to process the dispute. Cf. Reetz v. Bozanich, 397 U. S. 82, 85–87 (1970)."

The court added that "[a]s was true in *Reetz* the initial issue is whether the state constitution authorized the enactment challenged." The court therefore granted defendant-appellee's motion to dismiss.

By timely motion under Fed. Rule Civ. Proc. 59 (e), appellants sought an order amending the judgment by either

> "(A) Retaining jurisdiction, but staying proceedings in this Court pending determination of the issues of state law in the courts of New Jersey, or until efforts to obtain such a determination have been exhausted; or
>
> "(B) Ordering that the dismissal be without prejudice, so that the suits for determination of the

---

[2] Appellee maintained below, as it maintains before this Court, that a three-judge court need not have been convened because the constitutional question presented is insubstantial. *Bailey* v. *Patterson,* 369 U. S. 31 (1962). It insists, however, that if the claim is substantial then it must be heard by a court of three judges. 28 U. S. C. § 2281. In view of the posture of the case on this appeal, we do not, of course, express any view on the merits of the question presented.

federal constitutional issues may be reinstituted after exhausting state recourse with respect to state law issues." Jurisdictional Statement 10.

The motion was denied and appellants brought this appeal.[3]

"[A]bstention 'does not, of course, involve the abdication of federal jurisdiction, but only the postponement of its exercise.'" *England* v. *Louisiana State Board of Medical Examiners,* 375 U. S. 411, 416 (1964), quoting from *Harrison* v. *NAACP,* 360 U. S. 167, 177 (1959). For that reason, we have held that a dismissal on grounds of abstention so as to permit a state court to pass on an issue of state law must not be with prejudice. *Doud* v. *Hodge,* 350 U. S. 485 (1956); *Lake Carriers' Assn.* v. *MacMullan,* 406 U. S. 498 (1972). The proper course is for the District Court to retain jurisdiction pending the proceedings in the state courts. *Lake Carriers' Assn.* v. *MacMullan, supra,* at 512–513; *Zwickler* v. *Koota,* 389 U. S. 241, 244–245, n. 4 (1967).[4] Although the District Court may have intended its judgment of dismissal to be without prejudice to the right of appellants to litigate their federal claims in federal court at the conclusion of the state proceeding, the court did deny appellants' motion for an amendment to the judgment making clear that no prejudice would attach. The motion should have been granted. Accordingly, we vacate the judgment of the District Court and remand the case for proceedings consistent with this opinion.

*So ordered.*

---

[3] The validity of the District Court's decision to abstain is not at issue on this appeal.

[4] "It is better practice, in a case raising a federal constitutional or statutory claim [where the doctrine of abstention is applied], to retain jurisdiction, rather than to dismiss . . . ." *Zwickler, supra,* at 244 n. 4.