E. Paul HENSON, Janet E. Henson, George E. Stimoff, Billie J. Stimoff and Greg A. Johnson

v.

Harold ATCHLEY, Lillard R. Allen, Woody Brackins, Norman L. Burchfiel, Ben C. Clabo, Frank B. Clabo, Arville Clinton, Roy Delozier, Rellie D. Dodgen, Mathew Gibson, Sam Hodges, James A. Householder, Sam C. Huff, Blaine Justus, Carroll H. Mathews, William Robert Montgomery, Pleas F. Proffitt, Brownlee Reagan, Garfield Reagan, Larry K. Reagan, John F. Shular, James A. Temple, Carroll Trentham, Ronald Shepherd, Edgar White, Chan Huskey, Roy J. Maples, Lynn Maples, Donald P. Doyle, Mrs. Gene G. Hickey, Robert Pickel, Jack D. Thurman, Paul Delin Bolinger, Ruby H. Sims and Jean J. Wilson.

Civ. No. 3–78–130.

United States District Court, E. D. Tennessee, N. D.

June 27, 1978.

Rudolph L. Ennis, Knoxville, Tenn., for plaintiffs.

H. Dennis Jarvis, Jr., Ben D. Brabson, Jr., Jerry K. Galyon, Sevierville, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This is an action challenging apportionment plans for the Sevier County Quarterly Court and County School Board that were adopted subsequent to the approval of an amendment to the Tennessee State Constitution in March, 1978. In addition to the allegations that various procedures and practices of the defendants violate state law, the plaintiffs' major claim is that the apportionment plans violated their right to fair representation under the Fourteenth Amendment to the United States Constitution. Plaintiffs argue, inter alia, that permissible apportionment plans can only be based upon voter-based figures rather than 1970 U.S. census data.

Two motions for summary judgment and a motion to dismiss have been filed. Briefs from all parties have been submitted. The Court is of the view that the various pleadings of the parties have rendered the case an appropriate one for application of abstention principles under *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941).[1]

In its motion for summary judgment, the defendant Commissioners of the Sevier County Election Commission argue

---

1. Abstention may properly be raised by the Court *sua sponte*. *Bellotti v. Baird*, 428 U.S. 132, 143–44 n. 10, 96 S.Ct. 2857, 49 L.Ed.2d 844 (1976).

that both of the apportionment plans under attack were based upon the 1970 Federal Census, and that such reliance was required by a recently adopted amendment to the Tennessee State Constitution. In response, the plaintiffs argue first that the plans adopted did not apply the 1970 Federal Census results. However, based upon a recent lower state court decision, the plaintiffs also argue that 1970 census data was "not available" as a basis for a 1978 apportionment under the state constitution. *Largen v. Roane County*, No. 9689, Chancery Court for Roane County (May 12, 1978). Chancellor Inman ordered that reapportionment be based upon voter figures. As a result of these pleadings the apportionment plans in question are now challenged by the plaintiffs as a violation of both state and federal law. Consequently, a potentially dispositive but unsettled issue of state law is now before the Court.

Under these circumstances, federal courts normally abstain from decision for the reason that a state court decision that the state action at issue violates state law would obviate the need for federal constitutional adjudication. See *Pullman, supra*; Wright, Law of Federal Courts, 219 (1976). In the case sub judice, if a state court decides that as a matter of state law the apportionment plans at issue are invalid because of defendants' admitted reliance upon 1970 census data, there will be no need to decide the constitutional issues raised by the plaintiffs.

The Court considers this question of state law to be "uncertain." See *Harman v. Forssenius*, 380 U.S. 528, 534, 85 S.Ct. 1177, 14 L.Ed.2d 50 (1964). A lower state court has decided that under state law only voter-based figures may be presently relied upon in legislative apportionments. However, in the absence of a definitive ruling by the Tennessee Supreme Court, the defendants' insistence that their actions were valid under state law is not implausible.

Although retention of jurisdiction is the usual course in *Pullman*-type abstention cases, see *American Trial Lawyers Assn. v. New Jersey Supreme Court*, 409 U.S. 467, 93 S.Ct. 627, 34 L.Ed.2d 651 (1973), the

Court is of the opinion that a dismissal without prejudice is a preferable course in this case. In the first place, time is a serious problem. The relief requested in this case threatens county elections scheduled for August 3, 1978. A second consideration in this case is that various allegedly pendent state claims also brought by the plaintiffs may well be more appropriately decided by a state court. *Cf. Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). Accordingly, the Court desires to remove any possible obstacle to a full state court consideration of the issues raised in this case. *Cf. Harris County Commissioner Court v. Moore*, 420 U.S. 77, 88–89 n. 14, 95 S.Ct. 870, 43 L.Ed.2d 32 (1975).

For the foregoing reasons, it is hereby ORDERED that the case be, and the same hereby is, dismissed without prejudice.

Order Accordingly.