**Robert E. CANFIELD, Plaintiff,**

v.

**WISCONSIN BOARD OF ATTORNEYS PROFESSIONAL COMPETENCE; Patrick T. Sheedy, Peter R. Dohr, James E. Garvey, Julilly Kohler Hausmann, Dr. Francis Kruse, Marygold Shire Melli, Kathryn R. Anderson, Michael K. McChrystal, J. Paul Morrow, all members of the Board of Attorneys Professional Competence; Bruce F. Beilfuss, Nathan S. Heffernan, John L. Coffey, Connor T. Hansen, William G. Callow, Roland B. Day, Shirley S. Abramson, All Justices of the Supreme Court of State of Wisconsin; Supreme Court of the State of Wisconsin; State of Wisconsin, Defendants.**

No. 79–C–315.

United States District Court,
W. D. Wisconsin.

May 29, 1980.

Robert E. Canfield, Graves, Greenwald & Maier, Rockford, Ill., for plaintiff.

LeRoy L. Dalton, Asst. Atty. Gen., State of Wisconsin, Bronson C. La Follette, Atty. Gen., Dept. of Justice, Madison, Wis., for defendants.

## OPINION AND ORDER

JAMES E. DOYLE, Chief Judge.

This is an action for declaratory and injunctive relief. Jurisdiction is present, 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983, except as to certain defendants as explained below. The defendants named in the heading of the original complaint (Wisconsin Board of Attorneys Professional Competence (the Board); Patrick T. Sheedy (Chairman of that Board); "Supreme Court of the State of Wisconsin: Bruce F. Beilfuss, Chief Justice, Supreme Court of the State of Wisconsin;"[1] and the State of Wisconsin) moved to dismiss it on the grounds: (1) that the Eleventh Amendment to the Constitution of the United States bars the action as against the Board, the Supreme Court of the State of Wisconsin, and the State of Wisconsin; and (2) that the complaint failed to state a claim against any defendant upon which relief could be granted.

The motions to dismiss were fully briefed. In the course of the briefing, plaintiff indicated his intention to serve and file an amended complaint. An amended complaint was served and filed, in which a number of defendants, shown in the heading of this opinion, were added. They are alleged to be the remaining members of the Board, in addition to defendant Sheedy, and the justices of the Supreme Court of Wisconsin, in addition to defendant Beilfuss. The defendants, old and new, have responded to the amended complaint with an answer in which these affirmative defenses are raised: (1) that the Eleventh Amendment bars the action as against the Board, the Supreme Court of the State of Wisconsin, and the State; and (2) that the amended complaint fails to state a claim against any defendant upon which relief can be granted. The allegations of the amended complaint do not differ significantly from those of the original complaint except for the addition of various parties defendant and for references to Article IV and the First Amendment of the Constitution of the United States in addition to the earlier references to the due process and equal protection and privileges and immunities clauses of the Fourteenth Amendment.[2] Therefore, I treat these affirmative defenses as motions to dismiss the amended complaint, and I proceed to decide the motions on the basis of the briefs which were addressed to the motions to dismiss the original complaint.

For the purpose of deciding these motions to dismiss, I take as true the allegations of the amended complaint summarized below under the heading "Facts."

### Facts

Plaintiff is a resident of the state of Illinois. He is a 1978 graduate of the University of Minnesota Law School. He is presently a member in good standing of the bars of the State of Illinois, the State of Minnesota, the United States District Court for the Northern District of Illinois, the United States District Court of Minnesota, the United States Courts of Appeals for the Seventh and Eighth Circuits, and the United States Court of Claims.

As of May 3, 1979, through July 12, 1979, and for some period thereafter, plaintiff was an associate with a law firm that maintains an active practice in Wisconsin and Illinois, with offices in East Troy and Fontana, Wisconsin, and with its main office in Rockford, Illinois. All of its partners are licensed to practice in both states. Two of its partners are not residents of Wisconsin.

By April 22, 1980, plaintiff had become an associate of another law firm with an office in Rockford, Illinois. He continues to desire and intends to engage in the practice of law in Wisconsin if and when he is admitted to the Wisconsin bar.

On May 3, 1979, plaintiff applied to the Board for leave to take the July, 1979 Wis-

---

1. From the quoted language, it was not clear whether only the Supreme Court of Wisconsin was named as a defendant or both the Court and the Chief Justice were named. From the amended complaint, it appears that the Court and each of its members is intended to be made a defendant.

2. The new reference to the First Amendment is unamplified in the amended complaint, and no reason for it is readily apparent.

consin bar examination. In his application, plaintiff stated, "I am not a resident of the State of Wisconsin nor do I plan to become a resident of the State of Wisconsin." In a letter dated June 11, 1979, the Board notified plaintiff that because he did not meet the Wisconsin residency requirement, his application had been denied.

Applicants who pass the examination are admitted to the Wisconsin state bar approximately 75 days after the examination.

On June 19, 1979, plaintiff petitioned the Wisconsin Supreme Court for a "waiver of residency requirement." The petition did not challenge the validity of the Wisconsin residency requirement. On June 29, 1979, that court denied the petition.

### Opinion

Plaintiff seeks a declaration that Wis. Stats. § 757.28(2) and Wisconsin Bar Rule 1.03(3) are unconstitutional and a permanent injunction against the application of these provisions to him.

### Eleventh Amendment

■ Because the bar of the Eleventh Amendment, when present, appears to be jurisdictional, *Shashoua v. Quern*, 612 F.2d 282, 284 (7th Cir. 1979), citing *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), I address first this asserted ground for dismissal, and conclude that clearly the action must be dismissed as to the defendant State of Wisconsin. As the supreme judicial authority created by the Constitution of the State of Wisconsin, the Supreme Court must also be considered to enjoy the protection of the Eleventh Amendment and it is entitled to dismissal. *Campbell v. Washington State Bar Association*, 263 F.Supp. 991 (W.D.Wash.1967). But see *American Trial Lawyers Ass'n. v. New Jersey Supreme Court*, 409 U.S. 467, 93 S.Ct. 627, 34 L.Ed.2d 651 (1967) (in which abstention was ordered, implying the presence of jurisdiction) and *Brown v. Supreme Court of Virginia*, 359 F.Supp. 549 (E.D.Va. 1973), aff'd mem., 414 U.S. 1034, 94 S.Ct. 533, 38 L.Ed.2d 327 (1973) (in which the merits of the controversy were addressed, implying the presence of jurisdiction). However, as a creature of legislative action, and when no money damages are sought in a suit against it but only declaratory and injunctive relief without significant fiscal consequences, if any, the Board does not enjoy such protection.

### Failure to State a Claim

Wis.Stats. § 757.28(2)[3] requires an applicant for admission to the Bar to be a resident at the time of admission. Wisconsin Bar Rule 1.03(3)[4] requires an applicant to be a resident at the time of application to take the Bar examination. If an applicant is not a resident at the time of application to take the examination, Rule 1.075[5] per-

---

3. Sec. 757.28(2):

   Admission on certificate. Every person 21 years of age or over and of good moral character who is a citizen of the United States and a resident of this state and a graduate of any law school which at the time of his or her graduation was approved by the American bar association shown by the record of the clerk of the supreme court, shall, upon the production of the certificate of the board of attorneys professional competence, be admitted to practice law in this state by the supreme court, and when the court is not in session, by one of the justices, by an order signed by a justice and filed with the clerk of the court. A certificate shall be given by the board of attorneys professional competence to every person who successfully passes an examination given by the board of attorneys professional competence covering all or part of the subject matter in the area of law listed in sub. (1)(b).

4. Bar 1.03 General qualifications of applicants. Every applicant must possess all of the following qualifications:

   (1) He shall have attained the age of 21 years prior to the examination which he seeks to take.

   (2) He shall be a citizen of the United States.

   (3) He shall be a resident of Wisconsin.

   (4) He shall be of good moral character.

5. Bar 1.075 Permission to take examination prior to completing requirements. When an applicant has not met the requirements as to age, citizenship, Wisconsin residence or graduation from law school, but it shall appear to the board that he will satisfy such requirements within 60 days after the examination, the board may, in its discretion, permit such applicant to take the examination. If the applicant passes the examination, the board shall not certify that fact until all requirements have been satisfied.

mits the Board to allow the applicant to take the bar examination if it appears the applicant will become a resident within 60 days after the examination. There is no requirement that an attorney licensed to practice law in Wisconsin remain a Wisconsin resident.

Plaintiff claims the residency requirement in § 757.28(2) and Rule 1.03(3) is contrary to the privileges and immunities clause of Article IV, § 2, and the equal protection, due process, and privileges and immunities clauses of the Fourteenth Amendment.[6] Defendants contend that plaintiff's constitutional challenges are without merit. In addition, defendants assert that this court is bound by the summary affirmance by the Supreme Court of the United States in *Wilson v. Wilson,* 416 F.Supp. 984 (D.Or.1976), *aff'd mem.* 430 U.S. 925, 97 S.Ct. 1540, 51 L.Ed.2d 768 (1977).

In *Wilson* plaintiff challenged the federal constitutionality of various Oregon statutes, rules of the state Supreme Court, and regulations of the state board of bar examiners. The precise question ruled on, so far as relevant to the present case in this court, was the federal constitutionality of a requirement that an applicant for admission to the Oregon bar include in the application a statement of intention to be an Oregon resident at the time of admission. Thus, the question was virtually identical to the question raised in the present case.

Wilson contended that the residency requirement violated Article IV, section 2, clause 1, and also the equal protection and due process clauses of the Fourteenth Amendment. When the three-judge district court rejected his challenge on the merits, as it did, it was necessary for that court to reject the challenge on each and all of the constitutional provisions relied upon by the plaintiff. On the direct appeal in *Wilson* from the three-judge district court

to the Supreme Court of the United States, the plaintiff-appellant's jurisdictional statement phrased the questions presented to include:

"1. Whether Section 9.220(1) of the Oregon Revised Statutes and rule 1.10 of the Oregon Supreme Court Rules for Admission of Attorneys which require as interpreted by the Appellees that an applicant to the Oregon bar be a resident by the time of admission:

"A. deprive appellant of privileges and immunities protected under Article IV, Section 2, Clause 1 of the United States Constitution; . . . or

"C. deprive appellant of rights secured by the due process or equal protection clauses of the XIVth Amendment to the United States Constitution."

Juris. Statement in *Wilson v. Wilson,* O.T. 1976, No. 76–1039, pp. 3–4.

A summary affirmance by the Supreme Court of the United States is a disposition on the merits and lower courts are bound by it. *Hicks v. Miranda,* 422 U.S. 332, 334–335, 95 S.Ct. 2281, 2284–2285, 45 L.Ed.2d 223 (1975). In *Mandel v. Bradley,* 432 U.S. 173, 97 S.Ct. 2238, 53 L.Ed.2d 199 (1977), the Court described the precedential significance of summary action as follows:

"Summary affirmances . . . without doubt reject the specific challenges presented in the statement of jurisdiction and do leave undisturbed the judgment appealed from. They do prevent lower courts from coming to opposite conclusions on the precise issues presented and necessarily decided by those actions." *Id.* at 176, 97 S.Ct. at 2240; *Illinois Elections Board v. Socialist Workers Party,* 440 U.S. 173, 182–183, 99 S.Ct. 983, 989, 990, 59 L.Ed.2d 230 (1979); *Washington v. Yakima Indian Nation,* 439 U.S. 463, 477, 99 S.Ct. 740, 750, 58 L.Ed.2d 740 (1979).

---

**6.** Because plaintiff has not passed the Wisconsin bar examination, and because Sec. 757.28(2) makes passing the bar examination a condition to admission to the bar, it might be thought that plaintiff lacks standing to challenge that portion of Sec. 757.28(2) which makes Wisconsin residence another condition

to admission to the bar. However, it is plain that Bar Rules 1.03 and 1.075 have been promulgated, in part, to implement, with respect to taking the bar examination, the residency requirement of § 757.28 with respect to admission. I hold that plaintiff enjoys standing to challenge both Section 757.28(2) and Rule 1.03.

■ In the *Wilson* case, by its summary affirmance, the Supreme Court necessarily decided and rejected the specific challenges presented in the statement of jurisdiction, leaving undisturbed the judgment appealed from. Although I need not accept the reasoning of the three-judge court in *Wilson*, I must abide by the result reached by it and by the Supreme Court. *Mandel v. Bradley, supra,* 432 U.S. at 176, 97 S.Ct. at 2240. Therefore, in the present case in this court I must reject on its merits the federal constitutional challenge to the Wisconsin statute and rules.

In *Gordon v. Committee on Character and Fitness,* 48 N.Y.2d 266, 422 N.Y.S.2d 641, 397 N.E.2d 1309 (1979), the Court of Appeals for the State of New York has held that Article IV, Section 2, Clause 1 of the Constitution of the United States was violated by a rule of that state (Civil Practice Law and Rules § 9406 (subd. 2)), which provides that a person may not be admitted as a member of the New York bar unless the person furnishes proof "that he has been an actual resident of the state of New York for six months immediately preceding the submission of his application for admission to practice." In an opinion which I find persuasive on its merits, analyzing a number of decisions of the Supreme Court of the United States (including *Paul v. Virginia,* 8 Wall. 168, 75 U.S. 168, 19 L.Ed. 357 (1869); *Toomer v. Witsell,* 334 U.S. 385, 68 S.Ct. 1156, 92 L.Ed. 1460 (1948); *Mullaney v. Anderson,* 342 U.S. 415, 72 S.Ct. 428, 96 L.Ed. 458 (1952); *Goldfarb v. Virginia State Bar,* 421 U.S. 773, 95 S.Ct. 2004, 44 L.Ed.2d 572 (1975); *Bates v. State Bar of Arizona,* 433 U.S. 350, 97 S.Ct. 2691, 53 L.Ed.2d 810 (1977); and *Hicklin v. Orbeck,* 437 U.S. 518, 98 S.Ct. 2482, 57 L.Ed.2d 397 (1978)), the court included a footnote 6 (422 N.Y.S.2d page 643, 397 N.E.2d page 1311):

"It is asserted that CPLR 9406 (subd. 2) denies appellant equal protection and due process of law (U.S.Const., 14th Amdt.). Although unnecessary to pass upon these claims, we note that similar challenges to six-month durational residency requirements have been rejected in the past (*Matter of Tang,* 39 A.D.2d 357, 333 N.Y.S.2d 964, app.dsmd. 35 N.Y.2d 851, 363

N.Y.S.2d 88, 321 N.E.2d 879; *Tang v. Appellate Div. of N.Y. Supreme Ct., First Dept.,* D.C., 373 F.Supp. 800, affd. 2nd Cir., 487 F.2d 138, cert. den. 416 U.S. 906, 94 S.Ct. 1611, 40 L.Ed.2d 111; *Wilson v. Wilson,* 416 F.Supp. 984, affd. 430 U.S. 925, 97 S.Ct. 1540, 51 L.Ed.2d 768; *Suffling v. Bondurant,* D.C., 339 F.Supp. 257, affd. *sub nom. Rose v. Bondurant,* 409 U.S. 1020, 93 S.Ct. 460, 34 L.Ed.2d 312)."

With respect, I must register disagreement with two propositions embodied in footnote 6 of *Gordon.*

First, the Oregon regulation upheld in *Wilson v. Wilson* imposed no durational residency requirement but only a requirement of residency at the time of admission. Perhaps it was because New York imposed a six-month durational requirement that the New York Court of Appeals considered itself free in *Gordon* of constraint from the summary affirmance in *Wilson.* However, the opinion in *Gordon,* and particularly note 6, imply rather strongly that while the court may have been bound by the rejection of earlier equal protection and due process challenges, it considered itself free to address Art. IV, section 2, clause 1, without inhibition.

But, second, it is not accurate that a challenge under Art. IV, section 2, clause 1 was absent from *Wilson.* Article IV, section 2, was cited in a pretrial order in the three-judge district court and its significance to the case was briefed there. Although the opinion of the three-judge court in *Wilson* does not contain a specific reference to Article IV, section 2, as it does to equal protection and due process, 416 F.Supp., at 985, 986, 987, 988, apparently the court intended it to be covered by the court's references to "rights of . . . interstate travel" at 985, 987, and perhaps by its citation to *Shapiro v. Thompson,* 394 U.S. 618, 638, n.21, 89 S.Ct. 1322, 1333, n.21, 22 L.Ed.2d 600. In note 21 in *Shapiro,* the Court had declined to express an opinion whether "waiting period *or* residence requirements determining eligibility . . . to obtain a license to practice a profession" (emphasis in the original) constitute "penalties upon the exercise of the constitutional

right of interstate travel." In the Court's opinion in *Shapiro*, at 630, 89 S.Ct. at 1329, in a concurring opinion by Mr. Justice Stewart, at 642–643, 89 S.Ct. at 1335–1336, in a dissenting opinion by Mr. Chief Justice Warren, at 649, 89 S.Ct. at 1339, and in a dissenting opinion by Mr. Justice Harlan, at 666–667, 89 S.Ct. at 1348, there is inconclusive discussion concerning the Constitutional source of the right to interstate travel, including references to Article IV, section 2, as a possible source, at 630 and 666, 89 S.Ct. at 1329 and 1348. The jurisdictional statement in the Supreme Court of the United States in *Wilson* included argument on the merits of the federal constitutional contentions, based upon Article IV, section 2, clause 1 (citing *Toomer v. Witsell* and *Goldfarb v. Virginia State Bar, supra* ), the interstate commerce clause, and the due process and equal protection clauses of the Fourteenth Amendment. The motion to affirm, filed by the defendants-appellees in the Supreme Court, came to grips with each of these constitutional challenges, including Article IV, section 2, clause 1.

In the present case in this court, plaintiff challenges both Wisconsin Bar Rule 1.03 which requires that an applicant must be a resident of Wisconsin at the time of filing the application for leave to take the bar examination, as well as Sec. 757.28(2), Wis. Stats., which requires state residence as a condition to admission to the bar. However, from Bar Rule 1.075, it is plain that upon a showing that one will become a state resident within 60 days from the examination, a non-resident may proceed to take the examination. I regard as insignificant the discrepancy between this 60 day interval, on the one hand, and the interval of approximately 75 days which allegedly elapses between the examination and the day of admission for the successful examinees. Therefore, the Wisconsin requirement is substantially equivalent to the Oregon requirement upheld in *Wilson* : residency at the time of admission.