Richard VAN HOOSE et al., Plaintiffs,

v.

Barbara WILLIAMS et al., Defendants.

Civ. A. No. 80–14.

United States District Court,
E. D. Kentucky.

Sept. 18, 1980.

H. Nicholas Baker, Louisville, Ky., Lee Boothby, Barrien Springs, Mich., for plaintiffs.

Monte D. Gross, Charles D. Wickliffe, Dept. of Finance, Commonwealth of Kentucky, Frankfort, Ky., for defendants.

## MEMORANDUM OPINION AND ORDER

SCOTT REED, District Judge.

On May 16, 1980, the plaintiffs, individually and on behalf of a class, filed this action seeking declaratory and injunctive relief against Ky.Rev.Stat. 171.215 and its enforcement. The statute provides for the purchase of textbooks for distribution to nonpublic schools. The plaintiffs allege that this statute is unconstitutional on both federal and state constitutional grounds. The defendants have made a motion to dismiss under Fed.R.Civ.P. 12(b)(1), upon the ground that this Court lacked subject matter jurisdiction. The defendants have also asked this Court to abstain from assuming jurisdiction. See *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941).

The plaintiffs allege that this Court has jurisdiction under 28 U.S.C. Sections 1331, 2201, 2202, 42 U.S.C. Section 1983, and the pendent and ancillary jurisdiction of the court. The defendant raises several serious objections to these bases for jurisdiction. However, the court may sustain jurisdiction, even if it is defectively pled, when a proper basis for jurisdiction appears upon review of the entire complaint. *Harary v. Blumenthal*, 555 F.2d 1113, 1115 n. 1 (2d Cir. 1977); 5 C. Wright & A. Miller, *Federal Practice and Procedure*, Section 1206 at 77 (1969). The complaint alleges that a state statute is unconstitutional, inter alia, on federal constitutional grounds. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. Section 1343(3). See *Lynch v. Household Finance Corp.*, 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972).

The defendants also have requested this Court to exercise its discretion and decline to accept jurisdiction under the abstention doctrine. See *Pullman*, supra. Abstention serves two major purposes, to avoid unnecessary decisions on federal constitutional grounds, see *Reetz v. Bozanich*, 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970), and to preserve the delicate balance of federal–state relations, see *Pullman*, supra.

Special circumstances, such as when a construction of the statute might avoid or alter the constitutional issue are needed to justify abstention. See *Baggett v. Bullitt*, 377 U.S. 360, 84 S.Ct. 1316, 12

L.Ed.2d 377 (1964). Abstention is appropriate when either the state court's construction of the statute or evaluation of its validity may eliminate any need to reach the issue of validity under the federal Constitution. See *City of Meridian v. Southern Bell Tel. & Tel. Co.*, 358 U.S. 639, 79 S.Ct. 455, 3 L.Ed.2d 562 (1959); *Reetz*, supra. Abstention is improper if the state and federal constitutional provisions under which the statute is challenged are substantially similar. See 17 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure*, Section 4242 at 463 (1978).

 In this case the challenged statute is fairly susceptible of several interpretations. See *Babbitt v. United Farm Workers Nat. Union*, 442 U.S. 289, 99 S.Ct. 2301, 60 L.Ed.2d 895 (1979); *Harman v. Forssenius*, 380 U.S. 528, 85 S.Ct. 1177, 14 L.Ed.2d 50 (1965). The provisions which provide (1) that the books are only a loan from the state, (2) that the books may not present a particular religious philosophy, and (3) that the funds appropriated under the statute are to be kept separate from the common school funds are an attempt to ensure the statute's constitutionality. See Sergent, *Separation of Church and State : Education and Religion in Kentucky*, N.Ky.L.Rev. 125 (1979). Whether this attempt will succeed is uncertain, and for the Kentucky courts to decide. This is a paradigm case for abstention. See *Lake Carriers' Assn. v. MacMullan*, 406 U.S. 498, 92 S.Ct. 1749, 32 L.Ed.2d 257 (1972).

The federal and state constitutional provisions in question are quite different. The federal constitutional challenge relies on the broad and general language of the First and Fourteenth Amendments of the United States Constitution. In contrast, the question of validity under the state constitution principally concerns specific and detailed provisions about tax collection and school expenditures. Ky.Const. Sections 171, 184, 186, 189. Thus abstention is appropriate.

Abstention does not mean that this Court loses jurisdiction over this case. The proper procedure is to retain jurisdiction pending completion of any state pro-

ceeding which the plaintiffs may choose to file or join. *American Trial Lawyers v. N.J. Supreme Court*, 409 U.S. 467, 93 S.Ct. 627, 34 L.Ed.2d 651 (1973). This is so that plaintiffs may then have their federal claims litigated in federal court. The plaintiffs must at least inform the state court of their federal claims. *Government Employees v. Windsor*, 353 U.S. 364, 77 S.Ct. 838, 1 L.Ed.2d 894 (1957). The plaintiffs, however, may submit their entire case to state court or reserve their federal claims for federal adjudication, if they choose. See *England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964). We note that an *England* reservation is a means of conclusively reserving federal claims, although not the sole means. See *England*, supra, at 421–422, 84 S.Ct. at 467–468.

IT IS THEREFORE ORDERED:

(1) That the motion of defendants to dismiss plaintiffs' complaint due to a lack of jurisdiction over the subject matter is hereby DENIED;

(2) That the request of defendants that the Court abstain from exercising jurisdiction is hereby GRANTED;

(3) That the Court retain jurisdiction pending resolution of any state proceedings on this action.