820 F.2d 588
 40 Ed. Law Rep. 80
 Daniel CATLIN and Dundeen Catlin, Individually and as
parents and natural guardians of Dunbar Elliott,
a/k/a "Dell" Catlin, a handicapped
child, Plaintiffs-Appellees,
v.
Gordon M. AMBACH, Commissioner of Education of the State of
New York, John F. Holdorf, Superintendent of Schools of the
Edmeston Central School District, and the Board of Education
of the Edmeston Central School District, Defendants- Appellants.
 Nos. 903, 904, Docket 86-7853, 86-7855.
 United States Court of Appeals,
Second Circuit.
 Argued March 9, 1987.
Decided June 15, 1987.
 
 Julie S. Mereson, Asst. Atty. Gen., State of N.Y., Albany, N.Y. (Robert Abrams, Atty. Gen., Peter H. Schiff, Deputy Sol. Gen., Nancy A. Spiegel, Asst. Atty. Gen., State of N.Y., Albany, N.Y., of counsel), for defendant-appellant Ambach.
 Edward J. Sarzynski, Binghamton, N.Y. (Hogan & Sarzynski, Binghamton, N.Y., of counsel), for defendants-appellants John F. Holdorf and Board of Educ.
 Lawrence W. Thomas, Mount Kisco, N.Y. (James P. Drohan, Anderson, Banks, Moore, Curran & Hollis, Mount Kisco, N.Y., of counsel), for plaintiffs-appellees Daniel Catlin, Dundeen Catlin and Dunbar Elliot Catlin, a/k/a "Dell" Catlin.
 Norman H. Gross, Atty. for the New York State School Boards Ass'n, Albany, N.Y., for amicus curiae New York State School Boards Ass'n.
 Before MESKILL and NEWMAN, Circuit Judges, and BLUMENFELD,* District Judge.
 MESKILL, Circuit Judge:
 
 
 1
 This is an appeal from a judgment following an order of the United States District Court for the Northern District of New York, Munson, C.J., denying defendants' motion for summary judgment and granting plaintiffs' motion for summary judgment, 644 F.Supp. 161. Plaintiffs Daniel and Dundeen Catlin (Catlins) brought this action under 42 U.S.C. Sec. 1983 (1982) in the district court on behalf of their son, Dunbar Elliot Catlin (Dell), an infant afflicted with Down's Syndrome living in a group or "family" home in Edmeston, New York. The Catlins alleged, inter alia, that defendant Commissioner of Education (Commissioner) violated the Equal Protection Clause of the Fourteenth Amendment in applying New York's residency statute, New York Education Law Sec. 3202(4)(b), to deny Dell resident status in Edmeston, New York. The Commissioner decided that the Edmeston school district is not required to provide Dell with a free public education under the Education of the Handicapped Act, 20 U.S.C. Secs. 1400 et seq. (1982), because the Catlins reside in Nantucket, Massachusetts and provide for his support. The district court agreed with the Catlins and struck down the Commissioner's residence determination under the Equal Protection Clause. Because this dispute concerns a controlling issue of state law that is unclear and the resolution of which could avoid the constitutional issue presented, we abstain from deciding the case. Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941).
 
 BACKGROUND
 
 2
 Dell Catlin, a mentally retarded infant, was placed in a "family home" almost immediately after birth by his natural parents, Daniel and Dundeen Catlin. The Catlins retained all parental rights to the child and are responsible for major decisions concerning Dell, including educational placement and living arrangements. Pursuant to an agreement with Samuel and Elizabeth Conde, Dell lives in a family home run by the Conde family in Edmeston, New York. Dell is entitled to remain in the family home provided that support payments are made on a regular basis by the Catlins. It is generally agreed by the parties that Edmeston is the center of Dell's social, civic, religious and family life and that the Catlins intend that Dell remain in Edmeston.
 
 
 3
 Until 1985, the Catlins resided in Bedford, New York. The Bedford School District paid for Dell's tuition in Edmeston public schools under the Education of the Handicapped Act, 20 U.S.C. Secs. 1400 et seq. Although Bedford was not required to provide Dell with placement in Edmeston schools, Bedford decided that placement in Edmeston would best serve Dell's interests.
 
 
 4
 In 1985, the Catlins moved from Bedford to Nantucket, Massachusetts. The move prompted Bedford to discontinue payments on Dell's behalf. Edmeston immediately notified the Catlins that unless arrangements were made for the payment of Dell's tuition, Edmeston would refuse to permit Dell's further attendance at school. Edmeston's position throughout this litigation has been that it is not required to provide Dell with free public schooling because he is not a resident of Edmeston.
 
 
 5
 The Catlins appealed Edmeston's decision to the Commissioner of Education, who held that Dell could not be considered a resident of Edmeston under Education Law Sec. 3202(4)(b). The Commissioner noted that a rebuttable presumption arises under the statute that the residence of a child is that of his natural parents. Dell failed to rebut this presumption because he received his entire support from his parents, both of whom resided in another jurisdiction. Rather than challenge the Commissioner's action in a New York state court, the Catlins promptly filed this action in the district court seeking to require Edmeston to provide Dell with a free public education. In a decision by Chief Judge Munson, the district court invalidated section 3202(4)(b), as applied, under the Equal Protection Clause. This appeal followed.
 
 DISCUSSION
 
 6
 This controversy centers on the Commissioner's interpretation of New York Education Law Sec. 3202(4)(b). The Catlins attack the statute as applied rather than on its face. A literal reading of secton 3202(4)(b) would seem to require that Dell be considered a resident of Edmeston:
 
 
 7
 Children cared for in free family homes and children cared for in family homes at board, when such family homes shall be the actual and only residence of such children and when such children are not supported and maintained at the expense of a social services district or of a state department or agency, shall be deemed residents of the school district in which the family home is located.
 
 
 8
 N.Y.Educ.Law Sec. 3202(4)(b) (McKinney 1981). However, in applying the statute, the Commissioner noted that for purposes of determining "the actual and only residence" of a child, a presumption arises that such residence is that of a child's natural parents. According to the Commissioner, "[t]he presumption can be overcome by demonstrating that the parent neither exercises control over the child nor is financially responsible for the child." J.App. at 38.
 
 
 9
 The Catlins contest the Commissioner's reading of section 3202(4)(b). The Catlins argue that section 3202(4)(b) makes no mention of the "presumption" applied by the Commissioner, or of the criteria deemed necessary for its rebuttal. According to the Catlins, only three criteria for residence are set forth in section 3202(4)(b): (1) the child must be cared for in either a free family home, or a family home at board; (2) such family home must be the child's actual and only residence; and (3) the child must receive no support from a social services district or a state department or agency. Br. of Appellees at 12. The Catlins, therefore, argue that Dell should have been deemed a resident of Edmeston without reference to the additional criteria supplied by the Commissioner.
 
 
 10
 We need not resolve the state law question presented by the Catlins, nor for that matter their equal protection challenge to the Commissioner's action. The state law controversy surrounding the proper interpretation of section 3202(4)(b) leads us to conclude that abstention is appropriate. Here, the dispute "concern[s] the applicability of [a] challenged statute to a certain person or a defined course of conduct, whose resolution in a particular manner would eliminate the constitutional issue and terminate the litigation." See Baggett v. Bullitt, 377 U.S. 360, 376-77, 84 S.Ct. 1316, 1325-26, 12 L.Ed.2d 377 (1964). See also Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941).
 
 
 11
 Although neither party has argued the point, this Court may raise the abstention issue sua sponte. Bellotti v. Baird, 428 U.S. 132, 143 n. 10, 96 S.Ct. 2857, 2864 n. 10, 49 L.Ed.2d 844 (1976). Pullman abstention is appropriate in cases where a controlling issue of state law is uncertain. Harman v. Forssenius, 380 U.S. 528, 534, 85 S.Ct. 1177, 1181, 14 L.Ed.2d 50 (1965). In this case, the controlling issue of state law concerns the proper interpretation of the term "actual and only residence" in New York Education Law Sec. 3202(4)(b). As noted, the Commissioner's interpretation requires a child to demonstrate that no financial support is received from his natural parents. The fact that the Commissioner traveled beyond the terms of the statute to further define residence by itself indicates that those terms are not free from doubt. No state court has passed on this issue and the statute itself provides no insight into the meaning of "actual and only residence." Whether a state court would agree with the Commissioner, therefore, remains unclear.[1]
 
 
 12
 Presumably, a dispositive state court interpretation of the statute could avoid the constitutional issue altogether. If the Catlins' statutory argument were accepted by a state court, Dell would be considered a resident of Edmeston regardless of the amount of financial support he receives from his natural parents. Such a ruling would avoid the Catlins' equal protection challenge and spare this Court from rendering a constitutional advisory opinion.[2] See Pullman, 312 U.S. at 500, 61 S.Ct. at 645. Accordingly, the district court should abstain but retain jurisdiction pending a decision by a New York state court on the proper interpretation of section 3202(4)(b). See American Trial Lawyers Association v. New Jersey Supreme Court, 409 U.S. 467, 469, 93 S.Ct. 627, 629, 34 L.Ed.2d 651 (1973) (per curiam); England v. Louisiana State Board of Medical Examiners, 375 U.S. 411, 421-22, 84 S.Ct. 461, 467-68, 11 L.Ed.2d 440 (1964) (procedure for reserving right to litigate federal question in federal court).
 
 CONCLUSION
 
 13
 The judgment of the district court is vacated and the case is remanded to the district court with instructions to retain jurisdiction of the action pending a resolution on the state law issue by the New York state courts.
 
 
 
 *
 Honorable M. Joseph Blumenfeld, United States District Judge for the District of Connecticut, sitting by designation
 
 
 [1]
 The Commissioner's interpretation of New York's residency statute is not the only plausible application of Sec. 3202(4)(b). In the only reported case dealing with the statute, a footnote reference indicates that a different result can be reached under similar circumstances. In Rabinowitz v. New Jersey State Board of Education, 550 F.Supp. 481 (D.N.J.1982), a handicapped child lived in a family boarding home in New Jersey; the parents were residents of New York. Both states declined to treat the child as a resident, arguing that the other assumed responsibility for educational costs. The district court noted that if Sec. 3202(4)(b) were applied, the child "would be considered a New Jersey resident " because the family boarding home was located in New Jersey. Id. at 483 & n. 1 (emphasis added). Nowhere did the court base its observation on parental support as did the Commissioner here
 
 
 [2]
 We deem abstention preferable to use of the new certification procedure because the resolution of the state law issue might require factfinding in the state courts