**RECORD CLUB OF AMERICA, INC., Plaintiff,**

v.

**CREDIT SERVICES, INC., Defendant.**

**No. 87 Civ. 3008 (KC).**

United States District Court, S.D. New York.

Sept. 17, 1988.

Harold F. McGuire, Jr., McGuire & Tiernan, New York City, for plaintiff.

Daniel F. Schneider & Edward Weissman, Feltman, Karesh, Major & Farbman, New York City, for defendant.

## MEMORANDUM OPINION

CONBOY, District Judge:

The troubled history of this dispute is summarized at 117 F.R.D. 359 (S.D.N.Y. 1987) (the "October 28 Decision"), granting the defendant summary judgment dismissing the complaint on *res judicata* grounds. *See id.* at 360–61. The plaintiff moves for reconsideration of the October 28 Decision. The question again before the court is the basis of the court's dismissal, on October 1, 1985, of plaintiff's first action. *See id.*

▮ Plaintiff argues that an exercise of the policy of abstention provided the rationale for the dismissal of the first action. If abstention was the basis of the first dismissal, that determination would not have *res judicata* effect. *See American Trial Lawyers Ass'n v. New Jersey Supreme Ct.*, 409 U.S. 467, 469, 93 S.Ct. 627, 629, 34 L.Ed.2d 651 (1973) (per curiam) (district court erred in denying motion to amend judgment of dismissal based on ground of abstention to make it clear that no prejudice would attach to the dismissal); *Dema v. Illinois*, 546 F.2d 224, 226 (7th Cir.1976) (per curiam) (rejecting assertion that district court's dismissal, based on abstention principle, was made on the merits); *Restatement of Judgments* § 49 comment a (1942) (plaintiff's cause of action not extinguished by judgment dismissing action based on "the pendency of a prior action"), *cited in Weston Funding Corp. v. Lafayette Towers, Inc.*, 410 F.Supp. 980, 986 (S.D.N.Y.1976), *aff'd*, 550 F.2d 710 (2d Cir. 1977). If the court's dismissal of the first action was not *res judicata*, then the October 28 Decision was granted improvidently. *See Record Club of Am.*, 117 F.R.D. at 361 ("The prior dismissal was *res judicata* under Rule 41(b).").

When this motion was originally submitted, the plaintiff unsuccessfully argued to the court that the first dismissal was predicated on abstention. *See id.* at 361. In rejecting the abstention argument, the court stated that "[t]he dismissal was in fact based upon the affirmative misconduct of plaintiff in seeking to litigate a single claim against the defendant simultaneously in several fora." *Id.*

Dismissal of an action based on a party's misconduct, or on the misconduct of counsel, is "a harsh remedy to be utilized only in extreme situations." *See Harding v. Federal Reserve Bank*, 707 F.2d 46, 50 (2d Cir.1983) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir.1972) (per curiam)); *accord, Camps v. C & P Tel. Co.*, 692 F.2d 120, 123 (D.C.Cir.1981) ("Trial-court dismissal of a lawsuit never heard on the merits is a drastic step, normally to be taken only after unfruitful resort to lesser sanctions.") (quoting *Jackson v. Washington Monthly Co.*, 569 F.2d 119, 123 (D.C.Cir.1977)). Certainly, a court must make it clear that party or attorney misconduct forms the basis for its dismissal, if that is the case. The judgment entered on the first action in June 1986 makes no mention of any such conduct.

Unfortunately, no transcript of the proceeding before the court on October 1, 1985 exists.[1] The judgment of dismissal entered in the first action states that the court granted defendant's motion to dismiss "pursuant to Fed.R.Civ.P. 12 on the grounds that there are prior pending proceedings." *See* Ex. 10 to Affidavit of Nancy G. Grossman, executed Nov. 9, 1987. The issue of abstention may be raised in a Rule 12(b) motion. *See Kugler v. Helfant*, 421 U.S. 117, 119, 125 n. 5, 95 S.Ct. 1524, 1531 n. 5, 44 L.Ed.2d 15 (1975); *Coleman v. McLaren*, 572 F.Supp. 178, 180–81 (N.D. Ill.1983); *Dostert v. Neely*, 498 F.Supp. 1144, 1146 (S.D.W.Va.1980).

▮ As the judgment is silent on the issue of misconduct, and no record of the proceedings exists, there is no evidence that the court adjudged anyone guilty of misconduct. Nor is there evidence of the imposition of lesser sanctions than dismissal, prior to the dismissal of the first action. The October 28 Decision states that the fact that the first dismissal was intended to be a final judgment on the merits "is evident from the fact that final judgment was not entered until after the Court was aware that the other two pending actions, in the state and bankruptcy courts, had been dismissed." *Record Club of Am.*, 117 F.R.D. at 361. The reference is to the court's subsequent and supplemental decision on sanctions, rendered April 22, 1986.

> While the motion for fees pursuant to Rule 11 was sub judice, counsel notified this Court that the Bankruptcy Court had dismissed the initial action. The

1. The court contacted the office of the Southern District Court Reporters. That office has no record of any proceedings occurring in the first action between these parties on that date. *See also* Defendant's Memorandum of Law, filed May 20, 1987, at 6 n. *.

Court reiterates that there was no reasonable justification for the simultaneous commencement in New York State Supreme Court and in this Court of actions entirely duplicative of that pending in the Bankruptcy Court; the Court's order of October 1 dismissing the complaint is reaffirmed.

*See* Ex. 7 to Grossman Aff. (the Apr. 22, 1986 sanctions decision). This "reaffirmation" in substance held that events occurring subsequent to October 1, 1985 provided no basis for altering or changing the October 1, 1985 decision. The rationale supporting the October 1 decision remained the same and remained applicable. The court did *not* withhold its final judgment to consider the ramifications of the dismissals by the Bankruptcy Court and the State Supreme Court. They were irrelevant.

Based on the record presented, the court is compelled to conclude that the October 28 Decision granting the defendant summary judgment on the ground that the first dismissal was *res judicata,* and sanctioning plaintiff's counsel five thousand dollars for filing this second action, *see* 117 F.R.D. at 361–62, must be vacated. The evidence supports only one conclusion, that the first dismissal was based on the principle of abstention, and that dismissal could not have *res judicata* effect. *See* discussion *supra* at 1280–81. Therefore, the October 28 Decision, reported at 117 F.R.D. 359, is vacated in its entirety. The Clerk of the Court is directed to void the judgment in this action, Judgment number 87,2018, filed October 30, 1987.

SO ORDERED.