**Kajorndej KOMUTANON, Plaintiff,**

**v.**

**Gregory COLER, Michael Tristano, Andrew Klein, Francis Patrick Murphy and Illinois Department of Public Aid, Defendants.**

**No. 85 C 6291.**

United States District Court,
N.D. Illinois, E.D.

Dec. 29, 1988.

Joel L. Widman, Gerald G. Goldberg, Kozlicki, Widman, Goldberg, Schenk & Frankenstein, Ltd., Chicago, Ill., for plaintiff.

James C. O'Connell, Sp. Asst. Atty. Gen., Chicago, Ill., for defendants.

### ORDER

NORGLE, District Judge.

Before the court are two motions. Plaintiff moves for partial summary judgment.

*See* Fed.R.Civ.P. 56(a). Defendants label their motion "cross-motion for summary judgment," but the court construes it as a motion to dismiss for lack of subject matter jurisdiction, or in the alternative, for summary judgment. *See* Fed.R.Civ.P. 12(b)(1); 56(b). For the following reasons, defendants' motion to dismiss for lack of subject jurisdiction is granted in part and denied in part, and the court does not reach plaintiff's motion for partial summary judgment or defendants' motion for summary judgment, but stays the action over which it has jurisdiction.

### FACTS

Plaintiff, Kajorndej Komutanon, M.D., was a respondent in an administrative proceeding conducted by defendant, Illinois Department of Public Aid ("IDPA"). The IDPA was seeking to terminate plaintiff's participation in the Medical Assistance program and recover $97,885.91 from him. Plaintiff was charged with (1) having received money improperly or erroneously paid, or overpayments, (2) not complying with the Department's policies or regulations, or with the terms and conditions prescribed by the Department in his vendor agreement, and (3) having knowingly made, or caused to be made, a false statement or representation of a material fact in connection with the administration of the Medical Assistance program.

Administrative hearings were held on various days from January 4, 1985 to April 5, 1985. A Recommended Decision in plaintiff's case was issued by IDPA Hearing Officer Anthony B. Eben on April 30, 1985. Hearing Officer Eben recommended that the Department should recover $97,885.91 from plaintiff and that plaintiff's eligibility to participate in the Medical Assistance program should be terminated. On May 13, 1985, Executive Deputy Director Michael Tristano adopted Hearing Officer Eben's findings of fact, conclusions of law and recommendations as IDPA's final and binding decision.

Plaintiff, pursuant to the provisions of the Illinois Administrative Review Act, Ill. Rev.Stat, ch. 110, ¶ 3–101 *et seq.*, filed a Complaint for administrative review of IDPA's final administrative decision with the Circuit Court of Cook County, Illinois on May 20, 1985. On October 1, 1985, the Circuit Court, pursuant to plaintiff's Motion to Stay Proceedings, stayed the administrative review action pending the decision of this court in this case.

Plaintiff filed this action in federal court on July 12, 1985 against the Illinois Department of Public Aid; Gregory Coler, then Director of IDPA; Michael Tristano, then IDPA's Executive Deputy Director; and Andrew Klein, Chief of IDPA's Bureau of Administrative Hearings. Plaintiff alleges that defendants deprived him of due process of law, in violation of the Fourteenth Amendment to the United States Constitution, and brings this action pursuant to 42 U.S.C. § 1983. Specifically, plaintiff alleges that (1) defendants Klein and Murphy made substantive changes while reviewing Hearing Officer Eben's draft recommended decision, (2) recommended decisions were submitted to Executive Deputy Director Tristano, instead of to Director Coler, for rendition of the final administrative decision, (3) defendant Tristano involved IDPA general counsel in the decision-making process, and (4) defendant Tristano failed to apply any ascertainable standard of proof to determine whether a hearing officer's recommended decision should be adopted as IDPA's final and binding administrative decision.

Plaintiff asks this court for the following relief: $50,000 in actual damages; $1,000,000 in punitive damages; an order setting aside the IDPA's Recommended Decision against him; a declaration that the IDPA's procedures, as challenged in this case, are in violation of Illinois law and the United States Constitution; and an order enjoining defendants from utilizing those procedures.

### DISCUSSION

Defendant argues that federal jurisdiction over this case is barred by the Eleventh Amendment to the United States Constitution. Because this argument questions the subject matter jurisdiction of the court, *Edelman v. Jordan,* 415 U.S. 651,

678, 94 S.Ct. 1347, 1363, 39 L.Ed.2d 662 (1974), the court addresses that issue first.

■ Plaintiff argues defendant has waived any claim to sovereign immunity. The court disagrees. Plaintiff's waiver argument is based solely on the fact that defendant delayed in raising the issue in this litigation. However, a question of subject matter jurisdiction may be raised at any time during litigation. *Id.; Darryl H. v. Coler*, 801 F.2d 893, 907 n. 13 (7th Cir. 1986). Plaintiff cites *Petty v. Tennessee– Missouri Bridge Commission*, 359 U.S. 275, 276, 79 S.Ct. 785, 787, 3 L.Ed.2d 804 (1959) for the proposition that a state may waive its Eleventh Amendment immunity by a general appearance. However, that statement was *obiter dictum*, predated *Edelman*, and is therefore not good law.

■ A suit in federal court against a state, one of its agencies or departments, or state officials which is in fact a suit against the state is barred by the Eleventh Amendment, whether it seeks damages or injunctive relief. *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100–101, 104 S.Ct. 900, 907–908, 79 L.Ed.2d 67 (1984). The Eleventh Amendment also bars federal jurisdiction over claims alleging that a state official has violated state law. *Id.* at 106, 104 S.Ct. at 911. However, federal courts have jurisdiction over actions to enjoin state officials from violating the United States Constitution. *Id.* at 102, 104 S.Ct. at 909; *Edelman*, 415 U.S. at 664, 94 S.Ct. at 1356. In addition, federal courts have jurisdiction over actions for violations of the United States Constitution against state officials acting in their individual capacities. 42 U.S.C. § 1983. The qualified immunity defendant alleges is not a jurisdictional bar, but rather an affirmative defense. *Harlow v. Fitzgerald*, 457 U.S. 800, 815, 102 S.Ct. 2727, 2736, 73 L.Ed. 2d 396 (1982).

Applying these rules, the court finds that it has no jurisdiction over defendant IDPA, and IDPA is dismissed. Assuming, for purposes of the motion to dismiss for lack of jurisdiction, that the actions of the individual officials (whether in their individual or official capacities) were unconstitutional, the court has jurisdiction over the action to enjoin the conduct of those officials. Because the Complaint does not explicitly state that plaintiff is suing the officials in their individual capacities, the court assumes that plaintiff is only suing the officials in their official capacitites. *See Kolar v. County of Sangamon*, 756 F.2d 564, 568–69 (7th Cir.1985). Thus, the only action before this court over which it has jurisdiction is the action to enjoin the allegedly unconstitutional conduct of Coler, Tristano, Klein, and Murphy in their official capacities.

■ The court stays this remaining action pending the outcome of the proceeding before the Circuit Court of Cook County. A federal court may and ordinarily should refrain from deciding a case in which state action is challenged in federal court as contrary to the federal constitution if there are unsettled questions of state law that may be dispositive of the case and avoid the need for deciding a constitutional question. *Railroad Commission of Texas v. Pullman*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). Such is the case here. The Illinois law involved here is "fairly subject to an interpretation which will render unnecessary or substantially modify the federal constitutional question." *Babbitt v. United Farm Workers Nat. Union*, 442 U.S. 289, 306, 99 S.Ct. 2301, 2313, 60 L.Ed.2d 895 (1979). The court expresses no opinion as to how the Circuit Court of Cook County should interpret the Illinois law relevant to this case. The court need only find, as it does, that the issues of Illiois law raised are not clearly settled, and that if plaintiff prevails in the Circuit Court of Cook County on the questions of Illinois law, he may well receive the relief he seeks, thus making the issues of federal constitutional law raised here moot.

Other factors also counsel in favor of abstention. The law of Illinois appears to furnish an adequate means for resolving the state law issues raise by plaintiff. *See Pullman*, 312 U.S. at 501, 61 S.Ct. at 645. Moreover, any delay to the parties in resolving the issues in this case caused by abstention is minimized by the fact that a state court action is already pending. *See Askew v. Hargrave*, 401 U.S. 476, 91 S.Ct.

856, 28 L.Ed.2d 196 (1971). Finally, abstention in this case could prevent needless conflict with a state's administration of its own affairs. *See Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). If, as plaintiff alleges, defendants' actions are unconstitutional, intervention by the courts of Illinois would present needless interference by the federal courts.

For these reasons, the court, on its own initiative, *see Bellotti v. Baird,* 428 U.S. 132, 143 n. 10, 96 S.Ct. 2857, 2864 n. 10, 49 L.Ed.2d 844 (1976), abstains from resolving the issue over which it has jurisdiction. Accordingly, this action is hereby stayed pending resolution of the state court proceedings. *See American Trial Lawyers Association v. New Jersey Supreme Court,* 409 U.S. 467, 93 S.Ct. 627, 34 L.Ed. 2d 651 (1973). Plaintiff can, of course, reserve his right to have the federal constitutional question determined by a federal court should it fail to prevail in state court on the issues of Illinois law. *See England v. Louisiana State Board of Examiners,* 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964).

Issues remain in this case which the court need not resolve at this time. However, the court will express its inclinations on these issues, in the hope of aiding the parties in resolving this lawsuit. Should defendants prevail in state court, the court would be inclined to grant a motion by plaintiff for leave to amend the Complaint to state a claim against the defendants in their individual capacities. However, on the facts presently before the court, the court would be likely to find that those defendants are not liable for damages in their individual capacities, because there was no <u>clear</u> violation of federal due process even if there was a clear violation of state law. Furthermore, the court would be likely to find that plaintiff was not deprived of due process under the United States Constitution, and deny plaintiff injunctive relief.

In sum, defendant Illinois Department of Public Aid is dismissed. The remaining defendants in their individual capacities are also dismissed. The remaining action for injunctive relief against individual officials in their official capacities is stayed pending resolution of the action pending in the Circuit Court of Cook County.

IT IS SO ORDERED.