669 F.2d 112
 INSURANCE FEDERATION OF PENNSYLVANIA, INC., Bell of
Pennsylvania, Consolidated Rail Corporation, City of
Philadelphia, Insurance Company of North America, Erie
Insurance Company, Harleysville Insurance Company,
Nationwide Insurance Company, Penn Mutual Life Insurance
Company, Provident Mutual Life Insurance Company, Prudential
Insurance Company and State Farm Insurance Company, on
Behalf of Themselves and Others Similarly Situated, Appellants,
v.
SUPREME COURT OF PENNSYLVANIA, Chief Justice Michael J.
Eagen, and Justices Henry X. O'Brien, Samuel J.
Roberts, Robert N.C. Nix, Jr., Rolf
Larsen and John P. Flaherty, Appellees.
 No. 80-1769.
 United States Court of Appeals,
Third Circuit.
 Submitted under Third Circuit Rule 12(6) Jan. 4, 1982.
Decided Jan. 7, 1982.
 
 Theodore W. Flowers, Ronald J. Restrepo, Joan D. Katz, Philadelphia, Pa., for appellants; White & Williams, Philadelphia, Pa., of counsel.
 Harold E. Kohn, David H. Marion, Joseph F. Roda, Philadelphia, Pa., for appellees; Kohn, Savett, Marion & Graf, P.C., Philadelphia, Pa., of counsel.
 Before SEITZ, Chief Judge and ALDISERT and GIBBONS, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM:
 
 
 1
 Insurance Federation of Pennsylvania, Inc. and other insurers appeal from the dismissal of their action against the Supreme Court of Pennsylvania for declaratory and injunctive relief against the enforcement of Rule 238 of the Pennsylvania Rules of Civil Procedure. That rule requires that trial courts or arbitrators, in any action in which monetary relief for bodily injury, death or property damages is awarded by the fact finder, add to the damages awarded additional damages for delay at ten percent per annum. The rule was promulgated by the Supreme Court of Pennsylvania to become effective April 16, 1979. The plaintiffs contend that it violates the due process and equal protection clauses of the fourteenth amendment.
 
 
 2
 The district court, 489 F.Supp. 89, declined to consider these constitutional questions, but dismissed the complaint on the ground that Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and Juidice v. Vail, 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977), required a dismissal. The appeal challenges the propriety of that ruling on the ground that the relief requested would not interfere with, delay or prejudice any pending state court proceeding and would not affect any action by the Commonwealth of Pennsylvania in its sovereign capacity. Plaintiffs contend, moreover, that since they are not parties to any pending state court proceeding they can have no opportunity to assert their constitutional contentions in defense of a state court proceeding.
 
 
 3
 While the appeal was pending this court was advised of a case pending before the Supreme Court of Pennsylvania which challenged Rule 238 both on Pennsylvania and federal constitutional grounds.[1] Since a decision by that court that the rule violated the Pennsylvania constitution would moot the underlying dispute in this action, we held this case pending disposition of the state court case. When the Supreme Court decided that the rule was constitutional under both the state and federal constitutions we afforded counsel an opportunity to comment. It is now appropriate to decide the appeal.
 
 
 4
 The appellants are correct that on the record before us a dismissal of the complaint on the authority of Younger v. Harris, supra, and its progeny was error. Since a decision in the Pennsylvania courts on Pennsylvania constitutional grounds might have avoided, at most, the decision of a federal constitutional question, an order retaining jurisdiction while abstaining pending resolution of the state law ground of decision in a state court, would have been proper. Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941); American Trial Lawyers Ass'n v. New Jersey Supreme Court, 409 U.S. 467, 93 S.Ct. 627, 34 L.Ed.2d 561 (1973) (per curiam). That course, essentially, is the one which this court followed. However, the dismissal on Younger grounds had the same effect as a dismissal under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which injunctive or declaratory relief could be granted. If the federal constitutional claims asserted against Rule 238 are without legal merit, we can affirm the dismissal on grounds other than those relied upon by the district court. United States v. Vaughn, 614 F.2d 929, 936 (3d Cir. 1980). Thus it is appropriate to consider the merits of plaintiffs' federal claims.
 
 
 5
 Rule 238 was modeled upon a similar rule adopted in New Jersey, R. 4:42-11(b), providing for the mandatory addition of prejudgment interest in personal injury cases. A challenge to the New Jersey rule on essentially the same grounds as are asserted here was rejected in Busik v. Levin, 63 N.J. 351, 307 A.2d 571, appeal dismissed for want of a substantial federal question, 414 U.S. 1106, 94 S.Ct. 831, 38 L.Ed.2d 733 (1973). In rejecting fourteenth amendment challenges to Rule 238, the Supreme Court of Pennsylvania relied upon Chief Justice Weintraub's scholarly opinion in Busik v. Levin. Laudenberger v. Port Authority of Allegheny County, 436 A.2d 147, 153-54 (Pa.1981). We, too, find the Busik v. Levin opinion persuasive. Since we agree with it, we need not decide whether the Supreme Court's summary affirmance of it is controlling.
 
 
 6
 The judgment appealed from will be affirmed.
 
 
 
 [1]
 Laudenberger v. Port Authority of Allegheny County, 436 A.2d 147 (Pa., 1981)