Barbara Ellen BARRIS, Administratrix of the Estate of Arnold Leroy Barris, III, Deceased

v.

BOB'S DRAG CHUTES & SAFETY EQUIPMENT, INC., a Michigan corporation and Stan Hoover, individually and t/d/b/a Stan Hoover, Jr. Racing Enterprises.

Appeal of BOB'S SAFETY EQUIPMENT, INC., a Michigan corporation.

Barbara Ellen BARRIS, Administratrix of the Estate of Arnold Leroy Barris, III, Deceased, Appellant,

v.

BOB'S DRAG CHUTES & SAFETY EQUIPMENT, INC., a Michigan corporation, and Stan Hoover, individually and t/d/b/a Stan Hoover, Jr. Racing Enterprises.

Nos. 82–5711, 82–5836.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Aug. 12, 1983.

Decided Sept. 6, 1983.

James D. Wines, Ann Arbor, Mich., for Bob's Safety Equipment, Inc.

Louis M. Tarasi, Jr., Tarasi & Tighe, P.C., Pittsburgh, Pa., for Barbara Ellen Barris, etc., et al.

Before ALDISERT and WEIS, Circuit Judges, and RE, Chief Judge.*

## OPINION OF THE COURT

ALDISERT, Circuit Judge.

The major question for decision raised by these two appeals from a judgment in favor of plaintiff in a diversity action brought under Pennsylvania law is the extent to which delay damages may be awarded under Rule 238, Pa.R.Civ.P.[1] Here, defendant obtained a directed verdict at the close of the first trial, but, after a retrial was ordered by this court, ultimately lost on the merits. Because defendant lost and be-

---

* Honorable Edward D. Re, Chief Judge of the United States Court of International Trade, sitting by designation.

1. Rule 238 provides, in relevant part, that:

   (a) Except as provided in subdivision (e), in an action seeking monetary relief for bodily injury, death or property damage, or any combination thereof, the court ... shall

   (1) add to the amount of compensatory damages ... in the verdict of a jury, or in the court's decision in a nonjury trial, damages for delay at ten (10) percent per annum, not compounded, which shall become part of the ... verdict or decision;

   (2) compute the damages for delay from the date the plaintiff filed the initial complaint in the action or from a date one year after the accrual of the cause of action, whichever is later, up to the date of the ... verdict or decision.

   (e) If a defendant at any time prior to trial makes a written offer of settlement in a specified sum with prompt cash payment to the plaintiff, and continues that offer in effect until commencement of trial, but the offer is not accepted and the plaintiff does not recover by ... verdict or decision, exclusive of damages for delay, more than 125 percent of the offer, the court ... shall not award damages for delay for the period after the date the offer was made.

   42 Pa.Cons.Stat.Ann.R.Civ.P. 238 (Purdon Pa. Supp.1983).

cause he never made a settlement offer, plaintiff was awarded Rule 238 delay damages totaling $247,500. This award included damages for the time the case was on appeal from the directed verdict, but, because of plaintiff's mathematical miscalculation, did not include damages for the 17 days immediately preceding the final verdict. For these reasons, the defendant, at No. 82–5711, argues that the delay damages award was excessive and the plaintiff, at No. 82–5836, contends that it was insufficient.

I.

Because the facts giving rise to this case have been reported previously, *Barris v. Bob's Drag Chutes & Equipment,* 685 F.2d 94 (3d Cir.1982), we will only summarize them here. Arnold Barris was driving in a sprint car race on May 28, 1978, and was involved in an accident. His car flipped over several times, his shoulder harness broke, and, as a result of injuries suffered therefrom, he died. On May 21, 1979, his estate, represented by his wife, sued the manufacturer of the shoulder harness, Bob's Safety Equipment, Inc. (Bob's), and the seller, relying principally on the strict products liability doctrine of the Restatement (Second) of Torts, § 402A, as adopted in Pennsylvania. *See Webb v. Zern,* 422 Pa. 424, 220 A.2d 853 (1966).

Mrs. Barris contended that the harness manufactured by Bob's was defective and introduced an expert's report to prove that the stitching on the "Y" seam, where the shoulder straps connected to the backstrap, was not strong enough to withstand the force of the accident. Bob's contention was that the harness used by the decedent failed during the accident because it was old and had been cut prior thereto. At the close of the first trial, the district judge ruled that the evidence of Bob's liability was insufficient to go to the jury and entered a directed verdict in its favor. On plaintiff's appeal, this court disagreed and, on August 6, 1982, remanded for a new trial. At the retrial, the same evidence was presented with additional testimony on damages, and on November 1, 1982, the jury returned a verdict against Bob's in the amount of $825,000. On November 18, 1982, per petition of plaintiff, the court made a further award of $247,500 for delay damages under Rule 238. Both parties appeal.

II.

Plaintiff complains that the award of delay damages was too small. Although plaintiff's November 8, 1982 motion to the district court requested delay damages totaling $247,500, and although this amount was granted by the court, plaintiff now claims that she made a mathematical error in computing the amount. Because of plaintiff's admitted inadvertence, the requested amount did not include delay damages for the 17 days immediately prior to November 1, 1982, the date the final verdict was rendered against defendant. Plaintiff requests that we direct the district court to increase her award accordingly.

Bob's appeal, on the other hand, contends that the award was excessive. It claims that delay damages are only available to a prevailing party, and that until August 6, 1982, when this court vacated the directed verdict and ordered a new trial, it, and not plaintiff, had prevailed. Accordingly, Bob's argues, delay damages are only available from the date this court reversed the directed verdict.[2]

---

2. Bob's raises several other issues on appeal. In particular, it argues that the district court erred: (1) in requiring both parties to file expert witness reports on the same day; (2) in ruling that plaintiff's tests of the shoulder harness were under conditions similar to the accident conditions; (3) in allowing the action to go forward without expert testimony establishing either the force exerted on the shoulder harness during the accident or the strength standards for shoulder harnesses required by the racing industry; (4) in instructing the jury to consider a truck driver's wages in arriving at a future earnings award when the plaintiff did not lay a foundation for the introduction of this evidence through expert testimony; and (5) in awarding damages when the decedent was a partner in a business covered by the Partnership Act of Pennsylvania.

We have considered these contentions and conclude that each is without merit.

Plaintiff also has filed a motion with this court asking that we quash the delay damage arguments in Bob's appeal. We will address that motion first.

## III.

■ Barris moves to quash because Bob's appealed only from the November 1, 1982 judgment of compensatory damages and not from the judgment of delay damages entered on November 18, 1982. We deny this motion. As we have held, a post-judgment motion for Rule 238 delay damages is in the nature of a motion to correct clerical mistakes in judgment under Rule 60(a), F.R.Civ.P. *Hayden v. Scott Aviation, Inc.,* 684 F.2d 270 (3d Cir.1982). Rule 60(a) provides that in cases where an appeal is taken, such clerical mistakes may be corrected, on motion by any party, until the appeal is docketed, and thereafter with leave of the appellate court. Also, a motion to correct a clerical mistake does not affect the finality of the original judgment, *Albers v. Gant,* 435 F.2d 146 (5th Cir.1970), nor does it toll the time limits within which an appeal must be taken, *International Controls Corp. v. Vesco,* 556 F.2d 665 (2d Cir.1977), *cert. denied,* 434 U.S. 1014, 98 S.Ct. 730, 54 L.Ed.2d 758 (1978). For these reasons we hold that when, as here, a district court judgment is corrected by grant of a subsequent motion for Rule 238 delay damages, the order actually appealed from is that which originally issued from the district court. Therefore, defendant correctly appealed from the November 1, 1982 order and is not precluded from raising objections to the delay damage award announced November 18, 1982. We will now address the merits of these appeals, turning first to the arguments raised by Barris.

## IV.

### A.

■ The issue raised by Barris' appeal will not detain us long. In sum, although her motion for Rule 238 damages, timely filed on November 8, 1982, indicated that she was *entitled* to such damages from October 15, 1979 [3] to November 1, 1982, it only *requested* damages from October 15, 1979 to October 15, 1982.[4] Plaintiff admits that she miscalculated the amount requested, $247,500, yet she contends it was error for the district court to award only that amount. We will not reverse an award of Rule 238 delay damages unless there has been an abuse of discretion by the district court. *American Enka Co. v. Wicaco Machine Corp.,* 686 F.2d 1050, 1057 (3d Cir. 1982). We find no abuse where the court below gave plaintiff exactly what she requested.

### B.

Bob's appeal, on the other hand, raises issues that go to the heart of Rule 238.

---

**3.** Although the accident giving rise to the cause of action occurred on May 28, 1978, the complaint was not filed until May 21, 1979. Rule 238, adopted in 1978, became effective on April 15, 1979. According to Rule 238(f), in a case where the cause of action predates the rule's effective date, but the action is not begun until after the effective date, "damages for delay shall be computed [from] ... six (6) months after the effective date of this rule...." Thus, in the instant case, delay damages began accruing as of October 15, 1979.

**4.** Plaintiff's motion for Rule 238 delay damages asserted that:

> Defendant, Bob's Safety Equipment, Inc., never made an offer to settle this case, and, therefore, [Rule 238 delay] damages are mandatory at 10% per annum from October 15, 1979, until the date of the verdict rendered against said defendant in this case in the amount of $825,000.00 on November 1, 1982.

WHEREFORE, plaintiff respectfully requests this Honorable Court to award delay damages in the instant case in the amount of $247,500.00 against the defendant, Bob's Safety Equipment, Inc.

App. (82–5711) at 218, app. (82–5836) at 9a. The district court awarded plaintiff exactly what she asked for, $247,500, and commented that,

> this calculation awards delay damages only from October 15, 1979, through October 15, 1982, and that plaintiff is technically entitled to delay damages from October 15, 1979, through November 1, 1982, however, plaintiff's motion specifically asks for delay damages of $247,500. Therefore the Court grants that amount and will not award damages for the additional 17-day period of October 16, 1982, through November 1, 1982.

App. (82–5711) at 225, app. (82–5836) at 17a.

Preliminarily, we note that this rule was adopted in Pennsylvania in 1978 and has been upheld as constitutional, against due process and equal protection attacks, by both the Pennsylvania Supreme Court, *Laudenberger v. Port Authority of Allegheny County,* 496 Pa. 52, 436 A.2d 147 (1981), and this court, *Insurance Federation of Pennsylvania, Inc. v. Supreme Court of Pennsylvania,* 669 F.2d 112 (3d Cir.1982). It is also settled that the rule applies to federal diversity cases brought under Pennsylvania law. *Jarvis v. Johnson,* 668 F.2d 740 (3d Cir.1982). While we normally look to the rules of decision from Pennsylvania to resolve issues of Pennsylvania law, *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), research indicates that the precise question raised by Bob's is one of first impression. Accordingly, we approach this task of state court rule construction with the caution befitting a federal court compelled to apply the language to a particular factual situation for the first time.

We look first to the language of Rule 238. It provides that, in a case such as this, delay damages shall be computed from "a date six (6) months after the effective date of this rule," Rule 238(f), "up to the date of award, verdict or decision," Rule 238(a)(2). Bob's claims that implicitly the rule is designed to award delay damages only to a plaintiff who has prevailed on the merits and that it, and not the plaintiff, must be considered the prevailing party from the date the complaint was filed until this court remanded for a new trial. Because the language of the rule does not answer this concern, we must look to the rule's purpose for guidance.

Pennsylvania courts have explained that "the major purpose for placing damages for delay against a defendant who does not extend a reasonable settlement offer is to reduce congestion by encouraging early settlements." *Salat v. Western Pennsylvania Hospital,* 13 Pa.D. & C.3d 82, 85 (1982) (Allegheny County, Wettick, J.). In its explanatory note to Rule 238, the Pennsylvania Supreme Court's Procedural Rules Committee recognized that "[t]he judicial system has long been vexed by the problem of congestion and delay in the disposition of civil actions for bodily injury, death or property damages pending in the trial courts" and that a major cause for the congestion and delay is that the "present practice provides no incentive for early settlement" so that "in too many cases meaningful negotiations commence only after a trial date is fixed or on the courthouse steps or in the courtroom, thus leading to delay in the disposition of cases and congestion in the courts." *Landenberger,* 496 Pa. at 58, 436 A.2d at 150–51, quoting 8 Pa. Bulletin 2668 (1968). The drafters then designed the rule to serve the purpose of stimulating early settlement of claims and thereby reduce congestion in the courts by providing a financial incentive to defendants to settle meritorious claims early. The Pennsylvania Supreme Court also instructs that the rule "clearly reflects a primary desire to encourage pre-trial settlement." *Id.* at 59, 436 A.2d at 151, and that "this provision demonstrates the prominent goal of fostering *early* settlements." *Id.* We therefore conclude that the primary purpose for the rule is to encourage settlements.

Rule 238 encourages settlements in cases where compensatory damages are awarded and no meaningful settlement offer is made by imposing additional delay damages of ten percent of the compensatory award per annum. In effect any defendant in an action covered by the rule who fails to make an attempt to settle allows the delay damage meter to run and assumes the risk that, if he ultimately loses on the merits, he will pay for his unrequited optimism. If the defendant ultimately wins, however, then no delay damages may be assessed. Thus, as we read it, the focus of the rule is on the defendant, a focus criticized by Chief Justice (then Justice) Roberts as "unfair[ ]" because the rule "should also require plaintiffs to make reasonable demands." *Id.* at 78, 436 A.2d at 160. So long as the ultimate outcome of the case is reasonably in doubt the rule operates as an incentive for the defendant to consider seriously settlement as an alternative to a stalwart defense.

Once the defendant obtains a favorable final judgment from the trial court, however, he has a reasonable basis to believe that the ultimate outcome is considerably less problematic. The defendant will quite rightly refrain from initiating any settlement activity and the burden shifts to the plaintiff to perfect an appeal and to persuade the appellate court that reversible error occurred. At this point, we hold that the operation of Rule 238 no longer serves its purpose and should not be applied.

Accordingly, we reject that part of Bob's contention that no delay damages should be awarded from October 15, 1979 up to October 14, 1981, the date of the initial directed verdict in its favor. During this period, the outcome of the case was uncertain and no court order or judgment made it unreasonable for Bob's to participate in settlement negotiations. But the period from October 14, 1981 to August 6, 1982, when we vacated judgment and remanded, is a different matter. During this period, based on the trial court's action, Bob's reasonably believed it was victorious in the law suit. Under such circumstances, it was under no compulsion to participate in settlement negotiations to effectuate the policy rationale underlying Rule 238. Upon the issuance of this court's order reversing the district court's judgment and ordering a new trial, however, the situation changed. Because the ultimate disposition of the case again became open, both parties were immediately placed in the same position as they were when the complaint was filed and the policy of encouraging settlement activity returned to center stage. We therefore conclude that Rule 238 delay damages should be calculated from October 15, 1979 to October 14, 1981, and from August 6, 1982 to October 15, 1982.

## V.

The judgment of the district court will be vacated and the cause remanded for recalculation of delay damages in accordance with the foregoing. In all other respects the judgment of the district court will be affirmed.

Each side to pay costs of its own appeal.