Paul R. OLER, Plaintiff,

v.

TRUSTEES OF the CALIFORNIA STATE UNIVERSITY AND COLLEGES, John H. Bunzel, Robert F. Sasseen, Harold J. DeBey, and California State Personnel Board, Defendants.

No. C–78–1621–WWS.

United States District Court, N. D. California.

Nov. 6, 1978.

**320**

Gayle E. Oler, Oler & Hoffman, Dallas, Tex., John E. Thorne, Thorne, Clopton, Herz, Stanek & Manchester, Inc., San Jose, Cal., for plaintiff.

Evelle J. Younger, Atty. Gen., Richard L. Mayers, Deputy Atty. Gen., San Francisco, Cal., for defendants.

## ORDER GRANTING MOTION TO DISMISS

WILLIAM W SCHWARZER, District Judge.

On July 20, 1978, plaintiff, an academic employee of San Jose State University, filed this action for declaratory and injunctive relief and damages. Plaintiff's principal allegations are that defendants wrongfully classified him as a "temporary" employee, wrongfully demoted him and wrongfully denied him tenure. Plaintiff alleges the actions of defendants did not comply with provisions of the California Education and Administrative Codes governing tenure. Additionally, it is alleged the actions of defendants, committed under color of state law, deprived plaintiff of his rights to due process and equal protection of the law, guaranteed to plaintiff by the United States Constitution. Plaintiff contends he has exhausted his administrative remedies.

Defendants have moved to dismiss plaintiff's complaint on the ground that an action involving the identical issues between the same parties has been pending in state court, making abstention appropriate. Alternatively, defendants move for an order staying the proceedings herein until determination of the issues by the state court. The Superior Court action was commenced by plaintiff in May, 1977, more than one year before the federal action was commenced, and is being actively prosecuted, discovery being well underway.

Plaintiff is not opposed to a stay of the proceedings, but opposes dismissal. Defendants, however, ask that the action be dismissed. Thus, the question is whether the Court, in its discretion, should stay the proceedings and retain jurisdiction, or dismiss the complaint without prejudice. For the reasons which follow, the Court finds it more appropriate, in the special circumstances of this case, to dismiss the complaint without prejudice.

Plaintiff's earlier filed state complaint differs from his federal complaint only in that the latter incorporates general allegations of violations of the United States Constitution in many of the individual counts, while the state complaint, as amended on June 30, 1978, contains a seventh cause of action alleging broad violations of state and federal constitutional rights, as well as of 42 U.S.C. §§ 1983 and 1985. The state court therefore has jurisdiction to grant plaintiff all of the relief he seeks in this action. Resolution of the state law issues may, of course, be dispositive of the case, making it unnecessary to reach the federal constitutional issues. *Railroad Comm'n v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). But even if the federal constitutional issues are reached, the state court is fully competent to adjudicate those issues with ultimate review by the United States Supreme Court still available to plaintiff. Moreover, this action raises sensitive issues of state educational policy, and involves the interpretation of state statutes, regulations and rules which should be left to the state tribunal to avoid the possibility of an unwarranted intrusion into matters of state policy. *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). In a *Burford*-type case, dismissal is the proper course rather than retention of jurisdiction. *Id.* at 334, 63 S.Ct. 1098; C. Wright, Federal Practice and Procedure, § 4245 at 491.

In opposing the motion to dismiss, plaintiff contends that under *England v. Louisiana State Board of Medical Examiners,* 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964),

he has a right to have the federal constitutional issues adjudicated by this Court; that he only raised the constitutional issues in the state complaint to comply with *Government Employees v. Windsor,* 353 U.S. 364, 77 S.Ct. 838, 1 L.Ed.2d 894 (1957); that this is not a *Burford*-type abstention case, but a *Pullman*-type case, and that in *Pullman*-type cases the district court should retain jurisdiction.

Plaintiff's argument is based on what most charitably can be characterized only as a patent misreading of *England.* There plaintiffs had initially filed their action in the federal court. That court abstained and stayed the proceedings pending a determination of the state law issues by the state court. Plaintiffs *then* brought an action in state court where it was held that the act in question did apply to plaintiffs and did not violate the Fourteenth Amendment. The state supreme court declined to review that decision and plaintiffs made no attempt to obtain review of the state decision in the United States Supreme Court. Instead, they returned to the district court, which had retained jurisdiction, for a determination of their federal constitutional claims. They were met by a motion to dismiss which was granted on the grounds that the state court had passed on all the issues, including the federal constitutional claims, that the district court was without power to review the state proceedings, and that the proper remedy would have been review by the Supreme Court. Plaintiffs sought review of the order of dismissal in the Supreme Court. That Court held that a plaintiff could not be deprived of his right to return to the federal court for adjudication of federal issues so long as he specially reserved that right in the state court litigation. But *England* does not control where plaintiff himself initially seeks relief in the state court, particularly where, as in this case, plaintiff unreservedly raises his feder-al constitutional claims in the state court. Having thus made his choice, plaintiff cannot be said to have been deprived of any right to a federal court adjudication if his subsequent federal court action is dismissed. Nor can a plaintiff in the above circumstances create a right to a federal court adjudication by merely filing, as he did here, what he terms an *"England* reservation" in response to a motion to dismiss. Moreover, nothing in *England* precludes the Court from dismissing the complaint, in the exercise of its discretion, on the ground that an identical action is already pending in state court, making abstention appropriate. And *England* itself recognizes the appropriateness of dismissing, rather than staying, a complaint, such as plaintiff's, which raises *Burford*-type issues. *See, e. g., England,* 375 U.S. at 415, n. 5, 84 S.Ct. 461 and the concurring opinion of Mr. Justice Douglas at 423–24, 84 S.Ct. 461. *See also, Sederquist v. City of Tiburon,* 590 F.2d 278, 281, n. 4 (9th Cir. 1978); and *American Trial Lawyers v. N. J. Supreme Court,* 409 U.S. 467, 469, 93 S.Ct. 627, 34 L.Ed.2d 651 (1973).

The *Burford* doctrine calls for federal court abstention in cases involving important state policies and their administration by agencies existing for that purpose. The Court is satisfied that this is such a case and that dismissal is therefore appropriate. C. Wright, Federal Practice and Procedure, § 4245 at 490–91.

For the foregoing reasons, defendants' motion to dismiss the complaint without prejudice must be granted.

IT IS SO ORDERED.