815 F.2d 704
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gladman HUMBLES, Plaintiff-Appellant,
v.
CITY OF PADUCAH; et al., Defendants-Appellees.
 No. 86-5398.
 United States Court of Appeals, Sixth Circuit.
 March 20, 1987.
 
 Before MERRITT, WELLFORD and MILBURN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Humbles, a Captain for the Fire Department in the City of Paducah, applied for the position of Assistant Fire Chief in February, 1984. He had been appointed to the rank of Captain one month earlier. When Humbles was denied the promotion, he circulated a controversial poem entitled "Proposed Qualifications for Assistant Fire Chief." The paper which contained some obscenities resulted in his suspension by the Board of Commissioners on March 20, 1984.
 
 
 2
 On April 1, 1984, appellant filed an "Appeal Filed Pursuant to KRS 95, 460, Complaint, and Petition for Injunctive Relief." He claimed that as a result of circulating the poem critical of promotion policies in the Fire Department he was unlawfully suspended from his employment in violation of Sec. 1983, and his First, Fifth, Sixth and Fourteenth amendment rights under the Constitution of the United States. This complaint was filed in accordance with the Kentucky statutory procedure for review of administrative disciplinary actions.
 
 
 3
 Approximately two weeks later, appellant filed an action in the United States District Court for the Western District of Kentucky, seeking injunctive and other relief. The complaint alleged constitutional violations and sought other relief under 42 U.S.C. Sec. 1983, including damages. Humbles promptly moved for injunctive relief and reinstatement in district court. Appellee City moved to dismiss the complaint, asserting that the federal court should not assume jurisdiction because state proceedings had already been instituted by appellant seeking essentially the same relief, including the Sec. 1983 claim.
 
 
 4
 After a hearing, the district court stayed the federal court action until Humbles' case was decided in state court and denied the preliminary injunction requested. The district court also ordered the parties to file a status report in the cause by December 19, 1985.
 
 
 5
 The state circuit court affirmed the decision of the Board of Commissioners and at the same time dismissed appellant's Sec. 1983 claim. After the Kentucky Court of Appeals had affirmed the judgment for appellee, the Kentucky Supreme Court denied Humbles' motion for discretionary review on October 22, 1985.
 
 
 6
 On December 16, 1985, appellee filed a status report and a motion for summary judgment in the district court contending that further proceedings should not be permitted by reason of the result in Kentucky courts. The district court determined that since Humbles had not expressly reserved his federal claims in the state court proceedings, the decision of the state court was res judicata and granted appellee's motion for summary judgment.
 
 
 7
 Humbles asserts that the district court should at the outset have proceeded to hear the case instead of ordering a stay to determine the outcome of pending state proceedings. He contends that under the decision of Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976), abstention in this case was not only inappropriate, but reversible error. See also Garvin v. Rosenau, 455 F.2d 233 (6th Cir.1972). Humbles argues that the stay forced him to pursue his federal claims in state court. While conceding that his conduct was not in accord with the requirements of England v. Louisiana State Bd. of Medical Examiners, 375 U.S. 411, 421 (1964), Humbles maintains that he did not voluntarily pursue his federal constitutional claims in state court, and that, in fact, he resisted the abstention by the district court.
 
 
 8
 In Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1 (1983) the Court stated:
 
 
 9
 We have no occasion in this case to decide whether a dismissal or a stay should ordinarily be the preferred course of action when a district court properly finds that Colorado River counsels in favor of deferring to a parallel state-court suit. We can say, however, that a stay is as much a refusal to exercise federal jurisdiction as a dismissal. When a district court decides to dismiss or stay under Colorado River, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties. If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all. See Part IV-D, supra; McNeese v. Board of Education, 373 U.S. 668, 674-676 (1963). Thus, the decision to invoke Colorado River necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses. See 17 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure Sec. 4247, pp. 517-519 (1978).
 
 
 10
 Id. at 28 (footnote omitted). Cone was decided by the Supreme Court after the plaintiff had appealed the district court's stay to the Fourth Circuit Court of Appeals. In Cone, the plaintiff had initially filed a complaint in state court concerning a dispute under a hospital construction contract. The defendant filed the federal court action seeking an order compelling arbitration under Sec. 4 of the United States Arbitration Act. The Supreme Court held that the stay order by the district court was appealable under 28 U.S.C. Sec. 1291 and that the district court had abused its discretion in granting the stay, rather than deciding the case.
 
 
 11
 In Cone the Court stated the following appropriate abstention analysis:
 
 
 12
 our task in cases such as this is not to find some substantial reason for the exercise of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under Colorado River to justify the surrender of that jursidiction. Although in some rare circumstances the presence of state-law issues may weigh in favor of that surrender ... the presence of federal-law issues must always be a major consideration weighing against surrender.
 
 
 13
 Cone, 460 U.S. at 25-26.
 
 
 14
 The district court based its stay in this case partially on the premise that "a federal court should not hastily ... disrupt an appeal in another court." The parties were following a state employment disputed procedure that may have avoided the necessity of deciding whether or not there was a constitutional violation as alleged. We need not, however, decide whether exceptional circumstances or clear justifications existed to warrant abstention by the district court.
 
 
 15
 Even if the stay ordered by the district court were deemed to be inappropriate, Humbles had the opportunity to appeal as was done by the plaintiff in Cone. Cone was rendered in 1983, and the stay order in this case came after that date. This clear legal precedent established the propriety of appealing such a stay or abstention order. Instead of appealing from the stay order of the district court, appellant instead fully litigated his claims in state court without expressly reserving a right to pursue his constitutional claims in a federal forum. He can not now, under these circumstances, be given a second chance to litigate the same claims once the state courts considered and finally decided those same issues.
 
 
 16
 Moreover, appellant did not specifically indicate an intent to reserve his right to litigate his constitutional claims in federal court. Although England does not mandate an express reservation in order for a litigant to preserve a federal forum for federal claims, the Court set various means by which a party might preserve the right to return to federal court:
 
 
 17
 a party may readily forestall any conclusion that he has elected not to return to the District Court. He may accomplish this by making on the state record the "reservation to the disposition of the entire case by the state courts" that we referred to in Button. That is, he may inform the state courts that he is exposing his federal claims there only for the purpose of complying with Windsor, and that he intends, should the state courts hold against him on the question of state law, to return to the District Court for disposition of his federal contentions. Such an explicit reservation is not indispensable; the litigant is in no event to be denied his right to return to the District Court unless it clearly appears that he voluntarily did more than Windsor required and fully litigated his federal claims in the state courts. When the reservation has been made, however, his right to return will in all events be preserved.
 
 
 18
 England, 375 U.S. at 421-22 (footnotes omitted). Appellant pursued none of the avenues pointed out in England. Instead he fully and freely submitted his federal claims to the Kentucky state courts. He sought damages and attorneys fees available only under Sec. 1983 and Sec. 1988 from the state court. See Oler v. Trustees of California State Univ., 80 F.R.D. 319, 321 (N.D.Calif.1978).
 
 
 19
 "It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City School District Bd. of Education, 465 U.S. 75, 81 (1984). Under Kentucky law, preclusion would apply in a case of this kind. See, e.g., BTC Leasing, Inc. v. Martin, 685 S.W.2d 191 (Ky.App.1984), discretionary review denied by Supreme Court March 13, 1985: Waddell v. Stevenson, 683 S.W.2d 955, 958 (Ky.App.1984). Appellant's Sec. 1983 claim was dismissed by the state court after appellant briefed that claim and indicated reliance on the federal claim in addition to the state remedies sought in the Kentucky court. Therefore, preclusive effect must be given the state court decision under these circumstances.
 
 
 20
 We accordingly AFFIRM the judgment of the district court.